UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEPHEN FERGUSON,
    Plaintiff,

vs.

HONEYWELL INTERNATIONAL INC., *et al.*
    Defendants.

Case No. 1:24-cv-210
Hopkins, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

    This matter is before the Court on plaintiff's unopposed motion to dismiss his claim[1] against defendant Ashley Dunham pursuant to Rule 21 of the Federal Rules of Civil Procedure due to lack of service. As this Court has explained:

> The correct procedural vehicle for removing less than all parties or claims from an action is Federal Rule of Civil Procedure 21. That rule states, in full: "Misjoinder of parties is not ground for dismissing an action. On Motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. When evaluating a motion for dismissal under Rule 21, courts should consider Rule 41 standards as guidance for analyzing potential prejudice to the non-movants. *Wilkerson v. Brakebill*, No. 3:15-cv-435, 2017 WL 401212 at *2, 2017 U.S. Dist. LEXIS 12305 at *2 (E.D. Tenn. Jan. 30, 2017). The purpose of this prejudice analysis is "to protect defendants who have put considerable time and effort into defending a case, only to have the plaintiff pull the rug out from under them by voluntarily dismissing the action." *Id.* (quoting *Crozin v. Crown Appraisal Grp., Inc.*, Nos. 2:10-cv-581, 2:10-cv-764, 2012 WL 139219 at *2, 2012 U.S. Dist. LEXIS 5626 at *2 (S.D. Ohio Jan. 18, 2012) (discussing the prejudice analysis under Rule 41)).

*Murray Energy Corp. v. Cassidy, Cogan, Chappel, & Voegelin, L.C.*, No. 2:18-cv-440, 2020 WL 4201666, at *1 (S.D. Ohio July 22, 2020).

    Plaintiff explains that defendant Dunham has not been served and, therefore, has put no effort into defending this action. Plaintiff further explains that he can obtain full relief against the other defendants, and it would be inefficient to devote further resources to locating and

---

[1] This claim is styled his "Eleventh Claim for Relief." (Doc. 1 at PAGEID 18).

serving defendant Dunham. For good cause shown, plaintiff's motion (Doc. 21) should be **GRANTED**.

    **IT IS SO RECOMMENDED.**

Date: 3/10/2025

    Karen L. Litkovitz
    United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEPHEN FERGUSON,
    Plaintiff,

vs.

HONEYWELL INTERNATIONAL INC., *et al.*
    Defendants.

Case No. 1:24-cv-210
Hopkins, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation within **FOURTEEN (14) DAYS** after being served with a copy thereof. This period may be extended further by the Court on timely motion by either side for an extension of time. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).